# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **Valtrus Innovations Ltd.** § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO. 2:24-cv-00139 |
| **Digital Realty Trust, Inc.** § § | JURY TRIAL DEMANDED |
| and § § | |
| **Digital Realty Trust, L.P.,** § § | |
| Defendants. § § | |

### COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Valtrus Innovations Limited ("Plaintiff" or "Valtrus"), by and through its undersigned counsel, brings this complaint for patent infringement and damages against Defendants Digital Realty Trust, Inc. and Digital Realty Trust, L.P. (collectively "Digital Realty" or "Defendants") and would respectfully show the Court as follows:

### PARTIES

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of the Republic of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland. HPE's worldwide corporate headquarters is located in Houston, Texas. One of HPE's primary U.S. facilities is located in Plano, Texas.

2. On information and belief, Digital Realty Trust, Inc. is a corporation organized and existing under the laws of the State of Maryland, with a principal place of business at 5707 Southwest Parkway, Building 1, Suite 275, Austin, Texas 78735. Digital Realty Trust, Inc. has a

regular and established place of business at its DFW11 Data Center at 4025 Midway Road, Carrollton, TX 75007, and at its DFW26 Data Center at 2501 State Highway 121, Lewisville, TX 75056. On information and belief, Digital Realty Trust, Inc. may be served with process through its registered agent at National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, TX 75201.

3. On information and belief, Digital Realty Trust, L.P. is a corporation organized and existing under the laws of the State of Maryland, with a principal place of business at 5707 Southwest Parkway, Building 1, Suite 275, Austin, Texas 78735. On information and belief, Digital Realty Trust, Inc. is the sole general partner in Digital Realty Trust, L.P., owns all of the preferred limited partnership interests, and has full, exclusive, and complete responsibility for Digital Realty Trust, L.P.'s day-to-day management and control. Digital Realty Trust, L.P. has a regular and established place of business at its DFW11 Data Center at 4025 Midway Rd Carrollton, TX 75007, and at its DFW26 Data Center at 2501 State Highway 121, Lewisville, TX 75056. On information and belief, Digital Realty Trust, L.P. may be served with process through its registered agent at National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, TX 75201.

**PATENTS IN SUIT**

4. Valtrus is the assignee of and owns all right and title to U.S. Patent Nos. 6,718,277 (the "'277 Patent"); 6,854,287 (the "'287 Patent"); 6,862,179 (the "'179 Patent"); 7,031,870 (the "'870 Patent"); 7,339,490 (the "'490 Patent"); and 9,310,855 (the "'855 Patent") (collectively, "the Asserted Patents").

5. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions

pertaining to data center cooling, analytics for monitoring conditions in data centers, and structural organization of data centers.

6. The '277 Patent, entitled "Atmospheric control within a building," was duly and lawfully issued on April 6, 2004. A true and correct copy of the '277 Patent is attached hereto as Exhibit 1.

7. The '277 Patent was in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8. The '287 Patent, entitled "Cooling system," was duly and lawfully issued on February 15, 2005. A true and correct copy of the '287 Patent is attached hereto as Exhibit 2.

9. The '287 Patent was in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

10. The '179 Patent, entitled "Partition for varying the supply of cooling fluid," was duly and lawfully issued on March 1, 2005. A true and correct copy of the '179 Patent is attached hereto as Exhibit 3.

11. The '179 Patent was in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '179 Patent, including the right to seek damages, including past damages, for any infringement thereof.

12. The '870 Patent, entitled "Data center evaluation using an air re-circulation index," was duly and lawfully issued on April 18, 2006. A true and correct copy of the '870 Patent is attached hereto as Exhibit 4.

13. The '870 Patent has been in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '870 Patent, including the right to seek damages, including past damages, for any infringement thereof.

14. The '490 Patent, entitled "Modular sensor assembly," was duly and lawfully issued on March 4, 2008. A true and correct copy of the '490 Patent is attached hereto as Exhibit 5.

15. The '490 Patent has been in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '490 Patent, including the right to seek damages, including past damages, for any infringement thereof.

16. The '855 Patent, entitled "Flexible data center and methods for deployment," was duly and lawfully issued on April 12, 2016. A true and correct copy of the '855 Patent is attached hereto as Exhibit 6.

17. The '855 Patent has been in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '855 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

18. Valtrus incorporates by reference paragraphs 1-17 herein.

19. This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

20. This District has general and specific personal jurisdiction over Digital Realty because, directly or through intermediaries, Digital Realty has committed acts within this District giving rise to this action; is present in and transacts and conducts business, directly, and/or

indirectly, in this District and the State of Texas; and transacts and conduct business with residents of this District and the State of Texas.

21. Valtrus's causes of action arise, at least in part, from Digital Realty's contacts with and activities in and/or directed at this District and the State of Texas.

22. Digital Realty has infringed the Asserted Patents within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products and services covered by claims in the Asserted Patents, including without limitation products that, when made or used, practice the claimed methods of the Asserted Patents. Digital Realty, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products and services in or into this District and the State of Texas. Digital Realty regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

23. This Court has personal jurisdiction over Digital Realty pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.*

24. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

25. Digital Realty is doing business, either directly or through respective agents, on an ongoing basis in this Judicial District and elsewhere in the United States, and has committed acts of infringement in this district. Digital Realty has a regular and established place of business in this Judicial District, including at its DFW11 Data Center at 4025 Midway Rd Carrollton, TX 75007, and at its DFW26 Data Center at 2501 State Highway 121, Lewisville, TX 75056. On information and belief, Digital Realty makes, uses, sells, offers to sell, and/or imports infringing

products into and/or within this District, including at its DFW11 and DFW26 Data Centers. Digital Realty maintains a permanent and/or continuing presence within this District at its DFW11 and DFW26 Data Centers, and has the requisite minimum contacts with this District such that this venue is a fair and reasonable one. Upon information and belief, Digital Realty has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this District.

### FIRST CLAIM

**(Infringement of the '277 Patent)**

26. Valtrus re-alleges and incorporates herein by reference paragraphs 1-25 of its Complaint.

27. The '277 Patent is generally directed to atmospheric control within a building.

28. Digital Realty has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '277 Patent, by making, using, selling, offering for sale, and/or importing systems in its data centers for cooling, or otherwise controlling atmospheric conditions within, the data centers. For example, on information and belief, and before the expiration of the '277 Patent, Digital Realty operated cooling systems in its DFW11 and DFW26 Data Centers in this District (as well as in other data centers across the United States) in a manner that infringed the '277 Patent. An exemplary claim chart demonstrating one way in which Digital Realty infringed claim 1 of the '277 Patent is attached as Exhibit 7.

### SECOND CLAIM

**(Infringement of the '287 Patent)**

29. Valtrus re-alleges and incorporates herein by reference paragraphs 1-28 of its Complaint.

30. The '287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

31. Digital Realty has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '287 Patent, by making, using, selling, offering for sale, and/or importing systems in its datacenters for cooling the datacenters. For example, on information and belief, and before the expiration of the '287 Patent, Digital Realty operated cooling systems in its DFW11 and DFW26 Data Centers in this District (as well as in other data centers across the United States) in a manner that infringed the '287 Patent. An exemplary claim chart demonstrating one way in which Digital Realty infringed claim 1 of the '287 Patent is attached as Exhibit 8.

## THIRD CLAIM

### (Infringement of the '179 Patent)

32. Valtrus re-alleges and incorporates herein by reference paragraphs 1-31 of its Complaint.

33. The '179 Patent is generally directed to a partition for varying the supply of cooling fluid in a data center.

34. Digital Realty has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '179 Patent, by making, using, selling, offering for sale, and/or importing cooling systems in its data centers, including a partition for varying the supply of cooling fluid. For example, on information and belief, and before the expiration of the '179 Patent, Digital Realty operated its DFW11 and DFW26 Data Centers in this District (as well as in other data centers across the United

7

States) in a manner that infringed the '179 Patent.  An exemplary claim chart demonstrating one way in which Digital Realty infringed claim 1 of the '179 Patent is attached as Exhibit 9.

## FOURTH CLAIM

**(Infringement of the '870 Patent)**

35.  Valtrus re-alleges and incorporates herein by reference paragraphs 1-34 of its Complaint.

36.  The '870 Patent is generally directed to a system and method for evaluating one or more components in a data center.

37.  Digital Realty has been on notice of the '870 Patent and a specific factual basis for its infringement of the '870 Patent since at least the filing of this Complaint.  On information and belief, Digital Realty did not take any action to stop its infringement.

38.  Digital Realty has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '870 Patent, by making, using, selling, offering for sale, and/or importing cooling systems in its data centers.  For example, on information and belief, Digital Realty operates its DFW11 and DFW26 Data Centers in this District (as well as in other data centers across the United States) in a manner that that infringes the '870 Patent.  An exemplary claim chart demonstrating one way in which Digital Realty infringes claim 1 of the '870 Patent is attached as Exhibit 10.

39.  To the extent Digital Realty fails to stop its infringement after being placed on notice of the above, such infringement has been willful.

## FIFTH CLAIM

**(Infringement of the '490 Patent)**

8

40. Valtrus re-alleges and incorporates herein by reference paragraphs 1-39 of its Complaint.

41. The '490 Patent is generally directed to a modular sensor assembly for sensing conditions at a computer rack, such as environmental conditions.

42. Digital Realty has been on notice of the '490 Patent and a specific factual basis for its infringement of the '490 Patent since at least the filing of this Complaint.  On information and belief, Digital Realty did not take any action to stop its infringement.

43. Digital Realty has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '490 Patent, by making, using, selling, offering for sale, and/or importing modular sensor assemblies for sensing conditions such as temperature at a computer rack in its data centers.  For example, on information and belief, Digital Realty's DFW11 and DFW26 Data Centers in this District (as well as in other data centers across the United States) operate using modular sensor assemblies that infringe the '490 Patent.  An exemplary claim chart demonstrating one way in which Digital Realty infringes claim 1 of the '490 Patent is attached as Exhibit 11.

44. To the extent Digital Realty fails to stop its infringement after being placed on notice of the above, such infringement has been willful.

## SIXTH CLAIM

**(Infringement of the '855 Patent)**

45. Valtrus re-alleges and incorporates herein by reference paragraphs 1-59 of its Complaint.

46. The '855 patent is generally directed to a flexible data center and methods for deployment of flexible data centers.

47. Digital Realty has been on notice of the '855 Patent and a specific factual basis for its infringement of the '855 Patent since at least the filing of this Complaint. On information and belief, Digital Realty did not take any action to stop its infringement.

48. Digital Realty has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '855 Patent, by making, using, selling, and/or offering for sale flexible data centers. For example, on information and belief, Digital Realty's DFW10 Data Center (as well as other data centers across the United States) infringes the '855 Patent. An exemplary claim chart demonstrating one way in which Digital Realty infringes claim 8 of the '855 Patent is attached as Exhibit 12.

49. To the extent Digital Realty fails to stop its infringement after being placed on notice of the above, such infringement has been willful.

## PRAYER FOR RELIEF

WHEREFORE, Valtrus prays for judgment against Digital Realty as follows:

A. That Digital Realty has infringed each of the Asserted Patents, and unless enjoined, will continue to infringe one or more of the applicable Asserted Patents;

B. That Digital Realty's infringement of one or more of the applicable Asserted Patents has been willful;

C. That Digital Realty pay Valtrus damages adequate to compensate Valtrus for Digital Realty's past infringement of each of the Asserted Patents, and present and future infringement of the applicable Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

D. That Digital Realty pay prejudgment and post-judgment interest on the damages assessed;

E. That Digital Realty pay Valtrus enhanced damages pursuant to 35 U.S.C. § 284;

F. That Digital Realty be enjoined from infringing the applicable Asserted Patents, or if its infringement is not enjoined, that Digital Realty be ordered to pay ongoing royalties to Valtrus for any post-judgment infringement of the applicable Asserted Patents;

G. That this is an exceptional case under 35 U.S.C. § 285; and that Digital Realty pay Valtrus's attorneys' fees and costs in this action; and

H. That Valtrus be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Valtrus hereby demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

*/s/ Eric H. Findlay*
Matthew G. Berkowitz – LEAD ATTORNEY
Aaron Morris
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Connor S. Houghton
Ariane S. Mann
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com
amann@reichmanjorgensen.com

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

*Attorneys for Plaintiff Valtrus Innovations Limited*